**UNITED STATES**

v.

**Captain Robert N. CORONADO, 456–72–9207 FV United States Air Force.**

**ACM 22665 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 Oct. 1979.

Decided 13 Jan. 1983.

Appellate Counsel for the Accused: Mr. James D. Little, Fayetteville, North Carolina. Colonel George R. Stevens, Major William H. Lamb and Captain Patrick A. Tucker, USAFR.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major George D. Cato.

Before HEMINGWAY, CANELLOS and RAICHLE, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

CANELLOS, Judge:

In our original decision we affirmed the findings of guilty and the sentence. *United States v. Coronado,* 11 M.J. 522 (A.F.C.M.R. 1981). Thereafter, by order dated 6 October 1982, 14 M.J. 280, the United States

Court of Military Appeals remanded the record to us with directions that we determine the factual issue of whether the accused had been denied the effective assistance of counsel.

The accused alleges that his initially assigned military defense counsel, Captain T, did not provide such effective assistance, citing two instances in support of this contention. First, he claims that Captain T acted incompetently by misadvising him that in order to secure a polygraph examination from the Air Force Office of Special Investigations (AFOSI), he would be required to submit a signed, sworn statement detailing the events so that the examiner could frame appropriate questions. Based on this erroneous advice, the accused executed such a statement, which was subsequently introduced at his trial. Second, the accused alleges that Captain T did not fully inform his two civilian defense counsel that he had been engaged in negotiations with base and general court-martial personnel aimed at effectuating an administrative discharge in lieu of trial. Had such information been made available to civilian counsel, they could have argued that the incriminatory statement was inadmissible under Mil. R.Evid. 410.*

We make the following findings of fact:

1. Captain T contacted various AFOSI officials at both Pope AFB and Langley AFB who confirmed that, although not required by regulation, AFOSI would not approve a request for polygraph examination without the subject either submitting to an interview under advisement of rights, or submitting a signed, sworn statement regarding the matter to be inquired into.

2. Captain T advised the accused as to the ramifications of submitting to an AFOSI polygraph, and the possible subsequent use against him of the signed, sworn statement that was required as a prerequisite to the polygraph examination.

3. Captain T informed the accused's two civilian defense counsel: of the extent of his discussions with personnel of the Office of the Staff Judge Advocate at both Pope AFB and 21st Air Force relative to an administrative discharge in lieu of trial by court-martial; that the accused would submit to an AFOSI polygraph to bolster that request for discharge; and that a sworn statement would be executed by the accused prior to the taking of the polygraph examination, admitting to consensual sodomy.

We find, also, that based on the totality of the evidence, the accused was not denied the effective assistance of counsel.

It is readily apparent that the accused was presented with a dilemma in how to defend against a charge of forcible sodomy. He was accused by a "victim" whose credibility was easily subject to attack, but whose testimony could be buttressed by other evidence, e.g., a medical report indicating that the victim had engaged in an act of sodomy; a showing that items of the victim's clothing were found in the accused's home; and testimony from witnesses who had seen the accused and the complainant dancing together at a "gay bar."

The accused's declared priority was to avoid the chance of confinement. With this background, Captain T advised that one option would be to seek an administrative discharge in lieu of trial. From some preliminary inquiries, Captain T had determined that the only chance that a request for discharge would be accepted would be if the accused could successfully negate the element of force. One method of establishing an absence of force would be to take and pass a polygraph examination. Captain

---

\* *Rule 410. Inadmissibility of Pleas, Plea Discussions, and Related Statements*

Except as otherwise provided in this rule, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to any of the foregoing pleas or offers, is not admissible in any court-martial proceeding against the person who made the plea or offer.... An "offer to plead guilty" includes a statement made by the accused solely for the purpose of requesting disposition under an authorized procedure for administrative action in lieu of court-martial....

T advised that it was preferable to have the examination accomplished privately, and if useful, the results could be presented to the discharge authority. Since the accused did not possess the requisite funds to accomplish this, an alternative of having it performed by AFOSI was discussed. Captain T had determined that as a matter of policy, AFOSI would not approve a request for polygraph examination unless the subject executed a signed and sworn statement discussing the events to be examined. Captain T advised the accused of the possible adverse implications of submitting himself to such a polygraph examination. Included within that advice were the ramifications of making the incriminatory statement, to include its possible use at trial.

Since counsel and the accused believed that the prosecution could prove the offense of consensual sodomy, and since consenual sodomy was all the accused would admit to in the statement and during the polygraph examination, the accused decided to make the statement and submit to the polygraph examination in an attempt to secure an administrative discharge.

■ A military accused is entitled to be represented by counsel in a trial by court-martial. Article 27, U.C.M.J., 10 U.S.C. § 827. A right to be represented by counsel connotes the effective assistance of counsel. *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932). Further, an accused has the right to be defended by competent counsel, who exercises such competency throughout the proceedings. *United States v. Rivas,* 3 M.J. 282 (C.M.A.1977). In assessing an attorney's performance, his actions must fall "within a range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *United States v. Walker,* 21 U.S.C.M.A. 376, 45 C.M.R. 150 (1972). The attorney must act as a diligent and conscientious advocate on behalf of his client.

■ An appellate court will not second guess the strategic or tactical decisions made by defense counsel unless the accused is thereby denied "the exercise of custom-

ary skill and knowledge which normally prevails." *United States v. Rivas, supra.* Also, appellate courts should not evaluate the competence of counsel by considering in retrospect whether the advice of counsel was correct or incorrect. *Marzullo v. Maryland,* 561 F.2d 540 (4th Cir.1977), *cert. denied,* 435 U.S. 1011, 98 S.Ct. 1885, 56 L.Ed.2d 394 (1978); *Rickenbacker v. Warden,* 550 F.2d 62 (2nd Cir.1978).

■ Whenever an accused contends that he had been denied effective representation, he has the burden of proving that the activities of his counsel fell short of the standard of competence. *United States v. Zuis,* 49 C.M.R. 150 (A.C.M.R.1974). Mere mistakes and errors in judgment are insufficient to establish a violation of the accused's right to effective assistance of counsel. *United States v. Rivas, supra.*

■ With the status of the evidence as it existed, the accused had two options available. On the one hand, he could refuse to make a statement and litigate the case on its merits by attacking the credibility of the complainant. In the alternative, he could admit to consensual sodomy and seek an administrative discharge. Although either choice was not necessarily attractive, at decision-making time there appeared no other viable course of action available. Having considered the options, the accused, with the advice of his counsel, chose to attempt to secure an administrative discharge.

We find that such a choice amounted to a tactical decision which was appropriate at the time. Having so found, we determine that the actions of Captain T did not deviate from the standards of competency demanded of defense counsel, and therefore did not amount to ineffective assistance of counsel.

For the reasons stated above, the findings of guilty and the sentence are again

AFFIRMED.

HEMINGWAY, Senior Judge, and RAICHLE, Judge, concur.